IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| KEVIN DEAN BENNETT, Institutional ID No. | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:24-CV-00093-BU |
| FNU ABEBE, *et al.*, | § § § | |
| Defendants. | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kevin Bennett, proceeding pro se and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 complaining of events alleged to have occurred at the Texas Department of Criminal Justice (TDJC) French Robertson Unit and Hendrick Medical Center. Dkt. No. 8. Specifically, Bennett alleges that the Defendants deceived him into consenting to an unnecessary surgery which was then not properly performed. Dkt. No. 8. Bennett's Complaint is subject to preliminary screening under both 28 U.S.C. § 1915A, as Bennett is an inmate suing government officials, and under 28 U.S.C. § 1915, as the Court has granted Bennett leave to proceed *in forma pauperis*. *See* Dkt. No. 8; Dkt. No. 9. The case was transferred to the undersigned to conduct the screening imposed by those statutes. Dkt. No. 11. Because Bennett has not consented to a magistrate judge exercising the Court's full jurisdiction, the undersigned thus submits these Findings, Conclusions, and Recommendations (FCR) for the disposition of his claims.

1

Now before the Court is Bennett's Motion for Emergency Preliminary Injunction. Dkt. No. 20. Bennett requests that the Court require Defendants to provide him with emergency pain medication and treatment.[1] *Id*. at 3. Bennett contends that the medical personnel had been properly treating his condition with pain medication and muscle relaxers, however, starting on September 9, 2022, Bennett was put on different medications which he claims are less effective and have caused him unnecessary pain and suffering. *Id*.

## I. LEGAL STANDARDS

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). A party seeking a preliminary injunction or temporary restraining order must prove four elements:

> 1. a substantial likelihood of success on the merits of his case;
> 2. a substantial threat that the Plaintiff will suffer irreparable injury;
> 3. that the threatened injury outweighs any harm that the injunctive order might cause the Defendant; and
> 4. that the injunction is in the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001).

Injunctive relief will be denied if the movant fails to prove any of these four elements. *Enterprise Int'l, Inc. v. Corporation Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). A federal court may issue a temporary restraining order without

---

[1] Since filing his Complaint, Bennett has been transferred from TDCJ Robertson to TDCJ Jester III. Dkt. No. 12. The present Motion therefore would require the Court to order the medical personnel at Jester III to comply with the requested relief, not the named Defendants as Bennett contends. *See* Dkt. No. 20. However, because the Court ultimately denies Bennett's Motion for Preliminary Injunction on the merits, this distinction is not relevant.

notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The Prison Litigation Reform Act (PLRA) also limits the authority of federal courts to grant injunctions in cases concerning prison conditions. With respect to prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. 3626(a)(2). Courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief" when tailoring injunctive relief. *Id*. In the prison context, courts should exercise great caution when considering injunctive relief. *Bell v. Wolfish*, 441 U.S. 520, 547–48, 562 (1979) (recognizing the wide-ranging deference given to prison administrators to maintain institutional security and warning courts against becoming "enmeshed in the minutiae of prison operations").

## II. ANALYSIS

1. *Substantial likelihood of success on the merits of his case*

Bennett's Motion is based on his claim that medical personnel failed to properly treat his pain after his surgery, namely by changing his medications.[2] For the reasons explained below, the Court finds that Bennett has failed to establish a substantial likelihood

---

[2] Bennett also alleges that Defendants erred when referring him to and performing his posterior lumbar interbody fusion on his lower back. Dkt. No. 8 at 4. However, the relief requested in his Motion is not based on the defective surgery but rather the failure to properly treat his pain post-surgery. Therefore, when assessing the likelihood of success of Bennett's case, the Court will limit its analysis to this claim.

of success on the merits of this claim.

Under the Eighth Amendment, prison officials have a duty to provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish an Eighth Amendment violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (explaining that because "only the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs" (emphasis in original)). "Deliberate indifference" means that the denial of medical treatment was "much more likely than not to result in serious medical consequences, and additionally that the defendants had sufficient knowledge of the situation so that the denial of medical care constituted wanton disregard of the prisoner's rights." *Johnson v. Treen*, 759 F.2d 1231, 1238 (5th Cir. 1985).

To successfully claim a deliberate indifference to medical needs, a plaintiff must satisfy both an objective and subjective test. *Rogers*, 709 F.3d at 410. An inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). As to the subjective component, a prison official acts with deliberate indifference only where he (1) knows the inmate faces a substantial risk of serious harm and (2) disregards that risk by failing to take reasonable measures to abate it. *Id.* at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish

4

deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the medical treatment provided does not give rise to a constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). The prison staff must have engaged in conduct that shows "a wanton disregard for any serious medical needs." *Treen*, 759 F.2d at 1238.

Regarding the failure to properly treat Bennett's injuries, Bennett does not provide enough factual allegations for the Court to plausibly infer an Eighth Amendment violation. Bennett's Complaint does not raise this claim but rather he mentions this misconduct for the first time in the present Motion, despite the alleged violation beginning in September 2022. *See* Dkt. No. 8. Even the delayed details Bennett does provide do not demonstrate a substantial likelihood of success. Dkt. No. 20. Bennett's claim is solely based on his allegation that his medical providers have changed his medication from muscle relaxers and Tylenol #3, an opioid pain reliever, to an aspirin substitute and medication for his mental health. *Id*. at 1. Absent from this allegation are any facts to suggest that he was switched off this medication intentionally to cause him pain and suffering. *See* Dkt. No. 20. Bennett's current account of the conduct is more akin to a disagreement he has with his treatment plan, not a constitutional violation. *See Norton*, 122 F.3d at 292.

Accordingly, Bennett has not demonstrated a substantial likelihood of success of his deliberate indifference claim regarding the change in his treatment plan.

2. *Substantial threat of irreparable injury*

Given that a preliminary injunction is an extraordinary remedy, the moving party must establish that, absent injunctive relief, they would face a substantial threat of

irreparable harm. *Liscano v. Ligon*, 2024 U.S. Dist. LEXIS 15585, *2-3. Only an injury that is imminent and "cannot be undone through monetary remedies" constitutes irreparable harm. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008). Mere speculation or conclusory allegations of an irreparable injury do not warrant awarding relief as drastic as a preliminary injunction. *Daniels Health Sciences, L.L.C v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013). With this standard in mind, Bennett has not demonstrated a threat of irreparable harm.

In the present case, Bennett claims that absent an order from this Court mandating a different treatment plan, he will continue to endure pain and suffering. Dkt. No. 20 at 1. Although the Court sympathizes with the discomfort Bennett may be experiencing, conclusory claims of pain and suffering alone are insufficient to constitute irreparable harm. Further, such injury may be compensated through monetary means. Bennett's statement that the current medications place him at a higher risk of stroke may constitute a threat of irreparable harm, but Bennett does not explain the causal connection between the medications and this risk nor how the requested relief would mitigate this threat. Importantly, Bennett does not claim he is being denied all medical treatment, just the one he prefers.

Accordingly, Bennett has failed to establish a threat of irreparable harm absent his requested relief.

3. *Whether the threatened injury outweighs any harm that the injunctive order might cause*

In failing to demonstrate a threat of irreparable injury, Bennett similarly does not establish that the threatened injury outweighs the harm issuing an injunction would cause

TDCJ and its medical personnel. The Court is ill-equipped to manage the individual health needs of every TDCJ inmate and doing so is precisely the type of minutiae the Supreme Court has cautioned courts to avoid becoming enmeshed in.

4. *Whether the injunction is in the public interest*

Bennett does not identify a public interest which would be furthered by this injunction, nor can this Court find one.

## III. CONCLUSION

For the reasons explained above, the undersigned RECOMMENDS that Bennett's Motion for Preliminary Injunctive Relief and Temporary Restraining Order, Dkt. No. 20, is DENIED. The undersigned further RECOMMENDS that the United States District Judge transfer this case back to the undersigned after ruling on this FCR so that the undersigned can continue the Court's preliminary judicial screening process. It is ORDERED that this case be transferred to the docket of United States District Judge James Wesley Hendrix under Special Order 3-355 and designated as Civil Action No. 1:24-CV-00093-H.

## VIII. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the

magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IX. TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:24-CV-00093-H, and RECOMMENDS that the case be transferred back to the undersigned's docket for continued screening upon the resolution of this Motion.

ORDERED this 24th day of January 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE