UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

KEVIN DEAN BENNETT,
Institutional ID No. 02355208

           Plaintiff,

v.

ERMIAS Z. ABEBE, *et al.*,

           Defendants.

No. 1:24-CV-00093-H

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made thorough findings, conclusions, and a recommendation (FCR) that this Court dismiss without prejudice all of Plaintiff's claims. Dkt. No. 29. Plaintiff filed brief objections. Dkt. No. 30.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation, with one modification—as explained below, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, if any, and dismisses those claims without prejudice. But the Court dismisses Plaintiff's federal claims with prejudice.

Additionally, in light of Plaintiff's objections to the FCR, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Plaintiff's

objections consist of restatements of the claims and arguments made in his complaint and questionnaire responses, arguments thoroughly addressed by the FCR, mere disagreements with the Magistrate Judge's wording, or conclusory statements insisting that his claims have merit. The Court finds that the objections do not warrant revisiting, modifying, or rejecting the FCR. Plaintiff disagrees with the Magistrate Judge's conclusions, but he does not refute the factual or legal bases for his recommendation. Plaintiff has not shown that the Magistrate Judge erred in recommending dismissal of these claims. Thus, the objections are overruled, and the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

Finally, to the extent Plaintiff's complaint may be liberally construed to allege any state-law claims of negligence or malpractice, the Magistrate Judge explained that Plaintiff's "pleadings ultimately reveal that his complaint sounds in malpractice rather than deliberate indifference" and thus "further leave to amend would not produce plausible allegations of deliberate indifference." Dkt. No. 29 at 17. The undersigned agrees that Plaintiff alleges, at most, a violation of state tort law negligence or medical malpractice. But 42 U.S.C. § 1983 is not a general tort statute, and the facts alleged will not support a federal civil-rights action. *See Daniel v. Williams*, 474 U.S. 327, 331–34 (1986). Thus, the Court clarifies that Plaintiff's state-law claims, if any, should be dismissed without prejudice.

With respect to supplemental jurisdiction, "a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367). "A district court's decision whether to exercise that jurisdiction after dismissing every claim

over which it had original jurisdiction is purely discretionary." *Id.* (citing 28 U.S.C. § 1367(c)).

Under 28 U.S.C. § 1367(c)(3), the "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." The general rule in this circuit "is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). In deciding whether to exercise supplemental jurisdiction, the courts must balance the factors of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988). In this case, the Court has dismissed all claims over which it has original jurisdiction and declines to exercise jurisdiction over plaintiff's pendent state law claims. *See Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 396 (5th Cir. 2020). Thus, the Court dismisses Plaintiff's state-law claims without prejudice to his right to raise them in state court.[1]

The Court therefore orders:

1. Plaintiff's complaint and his claims under Section 1983 are dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). To the extent Plaintiff raises any state-law claims, they are dismissed without prejudice for lack of jurisdiction.

2. Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

---

[1] The Court expresses no opinion on the potential merit of his state-law claims.

3. This dismissal will count as a qualifying dismissal, or "strike," under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). *See Lomax v. Ortiz-Marquez*, 590 U.S.___, 140 S. Ct. 1721 (2020). Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

4. All relief not expressly granted is denied, and any pending motions are denied.

5. Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $605.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month certificate of inmate trust account at the same time he files his notice of appeal.

The Court will enter judgment accordingly.

So ordered.

Dated January 30, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge